# WHEELING.

O'BRIEN *v.* BRICE *et al.*

Submitted June 7, 1883—Decided June 30, 1883.

1. A tract of land is conveyed to a husband and R., his wife, jointly; the husband dies intestate leaving children; and the said R., his widow, being his administrator, then executes a deed to a third party for said land, in the premises of which she is mentioned as "R., in her own right as widow, and also as administratrix;" the grant in the deed is of the land without qualification and the deed is signed, "R. in her own right, R. as administratrix." HELD:

    That said deed operates as a conveyace not only of the dower interest of the said widow in the land, but also as a conveyance of the moiety owned by her in fee. It conveys her entire interest in the land.    (p. 706.)

2. In the interpretation of written instruments very little consideration is given by the courts to punctuation. It is never allowed to interfere with the usual and natural sense and meaning of the language employed.    (p. 707.)

Appeal from and *supersedeas* to a decree of the circuit court of the county of Hancock, rendered on the 28th day of June, 1880, in a cause in said court then pending, wherein James O'Brien was plaintiff, and Anna A. Brice and others were defendants, allowed upon the petition of said O'Brien.

Hon. Thayer Melvin, judge of the first judicial circuit, rendered the decree appealed from.

SNYDER, JUDGE, furnishes the following statement of the case:

James O'Brien filed his bill, October 7, 1878, in the circuit court of Hancock county against Anna A. Brice and others, in which he avers, that Robert and Ephriam Brice by deed, dated March 15, 1867, conveyed to William Brice and Rebecca C. his wife, jointly, a tract of one hundred and forty-eight acres of land situate in said county; that afterwards said William died intestate, leaving four infant children as his heirs-at-law and his widow, the said Rebecca C., surviving him; that the said Rebecca C. by deed, dated November 20, 1875, conveyed all her right, title and interest in said tract of land to Thomas O'Brien in trust to secure the payment of a debt due to plaintiff; that the said O'Brien trustee, by virtue of, and pursuant to, the terms of said trust deed, sold said land and the plaintiff became the purchaser thereof, and the same was conveyed to him by deed, dated June 18, 1877; but that prior to the date of said trust deed of November 20, 1875, the said "Rebecca, in her own right as widow, and also as administratrix of William Brice deceased," had conveyed the said tract of land to A. McC. Flanegin in trust to pay and secure certain debts therein mentioned, amounting to over two thousand dollars, due to Ephriam Brice and others.  The plaintiff charges that this last mentioned "deed is null and void except in so far as it conveys the dower right of said Rebecca in said land to said trustee;" and that by virtue of said deed from Thomas O'Brien, trustee, to plaintiff he is the owner of the one undivided moiety of said one hundred and forty-eight acres of land.

The said widow, children and trust creditors are made defendants, and the bill prays, that the said deed of November 5, 1875, to A. McC. Flanegin, trustee, may be declared void except so far as it conveys the dower interest of said widow in said land, that commissioners may be appointed to make partition of said land between the parties entitled thereto, and for general relief.

The said deed of November 5, 1875, therein referred to, and exhibited as a part of the plaintiff's bill, shows that it had been duly admitted to record in Hancock county November 9, 1875, and so far as it is material to give it in this case, it is as follows:  "This deed, made the fifth day of November, in the year 1875, between Rebecca C. Brice, in her own

right as widow, and also as administratrix of the estate of William Brice, deceased, (late her husband), of the first part, and A. McC. Flanegin, trustee, of the second part, witnesseth: That the said party of the first part doth grant unto the party of the second part, with general warranty, the following property:" Here the said tract of one hundred and forty-eight acres of land is described, the debts secured specified and the terms of the trust defined. The deed, then, concludes and is signed as follows: "Witness my hand and seal.                    "Rebecca C. Brice,   [seal.]

"*In her own right.*

"Rebecca C. Brice,   [seal.]

"*As Administratrix of Wm. Brice, deceased.*"

The punctuation of the deed, as shown by the transcript before this Court, is precisely as I have given it above.

The defendants appeared at rules and filed a demurrer in writing to the bill, and the court, at a term held June 28, 1880, entered a decree sustaining the demurrer, "and the plaintiff not desiring to amend his said bill," the cause was dismissed with costs to the defendants. From this decree the plaintiff has appealed.

*G. W. Caldwell* for appellant.

No appearance for appellees.

Snyder, Judge, announced the opinion of the Court:

It is properly conceded by the plaintiff and defendants that, by the terms of the aforesaid deed of March 15, 1867, from Robert and Ephriam Brice to William Brice and Rebecca C. his wife, the said Rebecca C. became the owner in fee of one undivided moiety in said land and by the death of her husband she became entitled to a dower in the other moiety. It results, then, that, at the time she made the deed of November 5, 1875, she was the owner in fee of one-half of the said tract of land and had dower in the other half, the remainder in the latter half having become vested in the infant children of said William Brice, deceased. If said deed conveyed her whole interest in said land in trust, then the subsequent deed of November 20, 1875, to Thomas

O'Brien, trustee, passed no title or interest except the equity of redemption subject to the satisfaction of the debts secured in said prior deed, and the plaintiff, who claims title under that deed, acquired no title or interest from said trustee other than said equity of redemption. The simple and only question, therefore, presented by the demurrer is, did said deed of November 5, 1875, convey both the moiety and the dower owned by said Rebecca C. in said land? Of course she could convey nothing as administratrix having no power or authority to do so.

It is argued by the appellant's counsel that a proper interpretation of said deed limits its operation to a conveyance of the dower-interest only; and he relies principally upon the punctuation used in the premises to justify this conclusion.

In the interpretation of written instruments very little consideration is given by the courts to the punctuation, and it is never allowed to interfere with or control the sense and meaning of the language used. The words employed must be given their common and natural effect regardless of the punctuation or grammatical construction. If the construction contended for by the appellant is permitted, the words "in her own right" can have no effect; because a conveyance of her dower and a conveyance of her dower in her own right mean one and the same thing. This would be equivalent to an entire elimination of those words from the deed. Such a construction would violate the well settled rule, that where it is possible, effect must be given to every sentence, phrase and word, and the parts must be compared and considered with reference to each other. Applying this rule and changing the punctuation the sentence will read, "Rebecca C. Brice in her own right, as widow and also as administratrix." This gives to the words their common and natural meaning, and gives effect to each word and the whole sentence together. In this form it is apparent that the deed conveys not only the dower, but the moiety held by the grantor in her own right. This it seems to me was clearly the intention of the parties, as shown by other parts of the deed. The granting clause, which is the controlling and operative part of every deed, conveys the land absolutely without any limitation or qualification whatever; and if the

grantor had intended to grant her dower right only, the granting clause would have been the proper, if not the only part of the deed, where she could have expressed that intention. Descriptive words in the premises usually can have no other effect than to designate the parties and will not be construed as limitations of the estate conveyed. The intention is made still more obvious by the manner in which the deed is signed—*Smith* v. *Henning*, 10 W. Va. 600.

My conclusion, therefore, is that the said deed of November 5, 1875, operated as a conveyance of all the interest held by the said Rebecca C. Brice in the said tract of one hundred and forty-eight acres of land, and said deed having been recorded before the deed of November, 20, 1875, under which the plaintiff claims, was executed, the latter deed conferred upon the grantee therein no title or estate except the equity of redemption, and consequently said equity is all the plaintiff had when he instituted this suit. The legal title to the land, being thus vested in other persons, and the plaintiff's bill not having been framed for the purpose of obtaining a partition of the land subject to the said trust-deed of November 5, 1875, the court below properly sustained the demurrer to the bill.

It is probable a bill might have been drawn, or the one in this cause so amended, as to have entitled the plaintiff, as owner of an equity. to a partition of the land subject to the lien of the prior trust-deed, but as he declined to amend his bill in the circuit court, that court rightfully dismissed his bill with costs.

For these reasons, I am of opinion that the said decree of the circuit court of June 28, 1880, should be affirmed with costs to the appellees and thirty dollars damages.

THE OTHER JUDGES CONCURRED.

DECREE AFFIRMED.