# CHARLESTON

PENNINGTON *v.* UNDERWOOD.

Submitted February 7, 1906.   Decided April 10, 1906.

1. EJECTMENT—*Title to Maintain.*
    In ejectment, the plaintiff must establish title to the identical land which he seeks to recover from the defendant.   The defendant's possession thereof will be deemed to be lawful until the contrary appears.   (p. 342.)

2. SAME—*Burden of Proof—Location of Boundaries.*
    Where the plaintiff in ejectment claims under a grant of all the land within a given boundary, excluding certain parcels embraced therein, the burden is on the plaintiff to locate the outer boundary of his grant and the boundaries of the parcels excluded therefrom, and to show that the land he seeks to recover from the defendant is within the outer boundary of the plaintiff's grant and without the boundaries of the excluded parcels.   (p. 342.)

Error to Circuit Court, Braxton County.

Action by M. A. Pennington against James Underwood. Judgment for defendant and plaintiff brings error.

*Affirmed.*

HALL BROS., for plaintiff in error.

HAYMOND & FOX and ALEX DULIN, for defendant in error.

COX, JUDGE:

This is a writ of error, allowed upon the petition of Mrs. M. A. Pennington, to a judgment of the circuit court of Braxton county dismissing an action of ejectment instituted by her against James Underwood.   On trial before a jury, a motion to exclude all of plaintiff's evidence was sustained, and a verdict for defendant and a judgment of dismissal followed.

The assignments of error are based on the action of the court in excluding plaintiff's evidence.

The plaintiff seeks to recover a strip of land four and one-half poles wide and about one hundred poles long, part of a tract of 121 acres, as described in her declaration.   She

alleges that the defendant has entered upon this strip, and unlawfully withholds the possession thereof. In ejectment, the plaintiff must recover on the strength of her own title, and must establish title to the identical land which she seeks to recover from the defendant. The posssession of the defendant will be deemed to be lawful, until the contrary appears.

The plaintiff does not trace her title to this State, or to the commonwealth of Virginia. She claims possession by her, and those under whom she claims, for the statutory period, under color of title. She claims immediately under a deed made to her by A. W. Corley, special commissioner, dated January 30, 1899. By this deed there was granted to the plaintiff all the land within a given boundary, "containing one hundred and twenty-one acres, after excluding fourteen acres and six acres from said boundary, and being the same land conveyed by W. L. J. Corley and wife to A. M. Skinner by deed dated 21st day of October, 1884." The deed from W. L. J. Corley and wife to A. M. Skinner describes the land conveyed by metes and bounds, and as "containing one hundred and forty-one acres, more or less, excluding from this deed two lots of land embraced within the above calls sold to Thomas Kennedy, one for fourteen acres and the other for six acres, leaving a balance of one hundred and twenty-one acres." The deed from A. M. Skinner to Lee H. Pennington contains the same description of the land granted thereby as the deed last mentioned. The plaintiff claims possession, by her and those under whom she claims, for the statutory period, under color of these deeds.

Plaintiff made no effort, and offered no evidence, to locate the parcels of 14 and 6 acres excluded from these grants. or to show that the strip of land which she seeks to recover is not within the excluded parcels.

No actual possession by plaintiff, or those under whom she claims, of the strip of land which she seeks to recover, is shown, unless that strip is within the outer boundary of the land granted to her and without the boundaries of the excluded parcels.

It is true that the plaintiff offered oral evidence tending to

show possession somewhere on the land conveyed to her, but not actual possession of the strip which she seeks to recover, unless actual possession of some other part of the land may be extended to the strip because it is within the boundary of her grant and without the boundaries of the excluded parcels.

The burden was on the plaintiff to locate the outer boundary of her grant, and to locate the boundaries of the excluded parcels, and to show that the land she seeks to recover from the defendant is within the outer boundary of her grant and without the boundaries of the excluded parcels. This is the settled law of this State. *Bryan* v. *Willard*, 21 W. Va. 65; *Stockton* v. *Morris*, 39 W. Va. 432; *Buck* v. *Newberry*, 55 W. Va. 681. Since the decison of the case of *Stockton* v. *Morris*, this doctrine has been fully established in Virginia, by numerous decisions of the court of last resort of that state. See *Harman* v. *Stearns*, 95 Va. 58; *Kimbal & Fink* v. *Carter*, 95 Va. 77; *Reusens* v. *Lawson*, 91 Va. 226; *Va. Coal & Iron Co.* v. *Keystone Coal & Iron Co.*, 101 Va. 723. The same doctrine has been laid down by the Supreme Court of the United States, in *Maxwell Land Grant Co.* v. *Dawson*, 151 U. S. 586; *Corinne Mill Co.* v. *Johnson*, 156 U. S. 574; *Hawkins* v. *Barney's Lessee*, 5 Pet. 457; and other cases. See, also, *Webb* v. *Phillips*, 80 Fed. Rep. 954.

The plaintiff, having failed to locate the land which she seeks to recover within the outer boundary of her grant and without the boundaries of the excluded parcels, is not entitled to recover, and the judgment of the circuit cour t must be affirmed.

*Affirmed.*