# CHARLESTON

## Clark v. Beard.

Submitted February 13, 1906.     Decided April 24, 1906.

1. TENANCY IN COMMON—*Ouster of Co-Tenant—Payment of Taxes.*
   The payment of taxes by one co-tenant, on the land owned in common, does not of itself constitute an ouster of another co-tenant. (p. 674.)

2. SAME—*Adverse Possession—Commencement.*
   The statute of limitations does not begin to run in favor of one co-tenant of land in possession, against another co-tenant thereof, until actual ouster by the former, or some other act or acts on his part amounting to a total denial of the right of the latter, and until notice or knowledge of the act or acts relied on as an ouster is brought home to him. (p. 673.)

3. SAME.
   The notice or knowledge required must be either actual, or the act or acts relied on as an ouster must be of such an open and notorious character as to be notice of themselves, or reasonably sufficient to put the disseized co-tenant on inquiry which, if diligently pursued, will lead to notice or knowledge in fact. (p. 675.)

4. EJECTMENT—*Verdict—Form.*
   If the evidence on the trial of an action of ejectment shows that the plaintiff is entitled to hold a part, share or interest (less than the whole) of or in the land sued for, and that the defendant is entitled to hold a part, share or interest (less than the whole) of or in said land, the verdict should specify and describe the part, share or interest which each of the parties is entitled to hold. (p. 676.)

Error to Circuit Court, Pocahontas County.

Action by Preston S. Clark against Emma C. Beard. Judgment for defendant, and plaintiff brings error.

*Reversed.     Remanded.*

ANDREW PRICE, L. M. McCLINTIC, and HENRY GILMER, for plaintiff in error.

R. S. TURK and F. R. HILL, for defendant in error.

COX, JUDGE:

Sheldon Clark, owning a large quantity of land in Poca-

hontas county, by deed dated the 29th of August, 1868, conveyed a part of his land to his sons Preston and Peter, reserving one-half interest in all the "stone coal" in parcels of the land so conveyed, with certain privileges as to the use thereof. By deed dated the same day, Sheldon Clark conveyed another part of his land to his son Sherman; and it is claimed that by this deed he also conveyed to Sherman the one-half interest in the "stone coal" reserved by the deed to Preston and Peter. In 1872, Peter died, and a controversy arose between his widow and his father, Sheldon, as to who was entitled to Peter's interest in the land so conveyed to Preston and Peter. This controversy was settled by the widow conveying whatever interest she had to the father. It is claimed that after this conveyance there was a partition of the land so conveyed to Preston and Peter, between Preston and Sheldon, the owner of the interest formerly held by Peter. Afterwards, Preston conveyed to others certain parts of the land which he claimed had been so partitioned to him. Sherman died in 1901. The third clause of his will is as follows: "I give to my daughter, Emma C. Beard, all my land of all descriptions to have it during her lifetime giving to her the privilege to deed it to her children during her lifetime as she may think best not taking in consideration quantity and quality and if she leaves no will directing how to divide it among her children at her death, I then direct M. L. Beard, if living at her death to divide the land among her children not taking in consideration quantity and quality and his division shall be legal under this will." At September rules, 1904, Preston Clark filed his declaration in this action of ejectment against Emma C. Beard, describing and claiming all the land so conveyed by Sheldon to Preston and Peter Clark, less the part which he claimed had been partitioned to Sheldon and by his will devised to certain persons therein named, and less the parts conveyed by Preston to others. There was a plea of not guilty, a trial by jury, and a general verdict for the defendant in this language: "We the jury find for the defendant." Plaintiff moved to set aside the verdict, which motion was overruled, and judgment entered dismissing the action, and plaintiff excepted. A writ of error was allowed to the judgment, upon petition of the plaintiff.

The plaintiff in error makes three assignments of error, the

first and second of which relate to instructions to the jury, given and refused. These instructions will hereafter be referred to by their numbers.

Complaint is made of the refusal of the court to give No. 1 for plaintiff in error, which is as follows: "The court instructs the jury that the deed of Aug. 29, 1868, from Sheldon Clark to Sherman H. Clark, under which defendant claims, does not grant to said Sherman Clark any interest in the coal in or under the lands described in the plaintiff's declaration." This instruction raises the question of the sufficiency of the deed from Sheldon to Sherman Clark to pass any·interest in the coal in the land claimed by the declaration. It is urged that the description in this deed is insufficient to pass to Sherman Clark the one-half interest in the coal reserved by the deed from Sheldon to Preston and Peter Clark. This deed to Sherman after describing and conveying certain land upon the waters of Cherry and Hills Creek north of a designated line, and certain land on Robins Fork of Spring Creek south and east of a designated line, contains the following additional clause: "(the different tracts lying on Spring Creek and Cherry are as follows: 1,000, 100, 45, 230, 392, 206, 72, and the line above given is the division line in said surveys). Also, I convey to said Sherman H. Clark one-half interest in all the stone coal that is upon the different tracts just given, lying on Spring Creek and Cherry, west and north of the division line heretofore given," etc. It is obvious that the words "different tracts" in this clause relate to the tracts last before mentioned. The conveyance of the interest in coal was additional to the grant of the other lands specifically described in the previous part of the deed. We must give to the deed a reasonable construction. The conveyance of land without limitation, reservation, or exception, includes the coal in place under it, if owned by the grantor. There was no necessity for adding a clause conveying an interest in the coal in the land conveyed absolutely by the deed. We think that it was the intention of the additional clause to pass a one-half interest in the coal in the land included in the tracts mentioned, west and north of the designated division line. It is also claimed that, because this clause uses the word "convey" instead of "grant," in relation to the one-half interest in coal, it is insufficient. The word "convey" is sufficient to

pass an estate in land. *Chapman* v. *Charter*, 46 W. Va. 769. There was no error in refusing this instruction.

Complaint is made because instructions Nos. 1, 2, 3 and 4, offered by defendant in error, were given.

The plaintiff in error claims the one-half interest in the coal conveyed by the deed from Sheldon to Sherman Clark, to the extent that the coal is in the land for which he sues, by ouster and adverse possession against his co-tenant, Sherman Clark, and against his devisee or devisees. We will consider Nos. 1 and 3 together. They are as follows:

No. 1. "The court instructs the jury that a tenant in common may oust his co-tenant and hold in severalty, but a silent possession, unaccompanied by any action amounting to an ouster, or giving notice to the co-tenant that his possession is adverse, cannot be construed into an adverse possession."

No. 3. "The court further instructs the jury that the plaintiff, Preston S. Clark, and Sherman H. Clark, deceased, were joint tenants in the coal underlying the lands in the declaration mentioned, and became so by virtue of the conveyance from their father, Sheldon Clark, introduced as evidence in this case; and that in order for the plaintiff, Preston S. Clark, to oust the said Sherman H. Clark or his devisees as to said coal right, there must be an actual ouster by the said Preston S. Clark of his co-tenant, Sherman H. Clark or his devisees, and a giving of notice to his said co-tenant, Sherman H. Clark, or his devisees, that his possession was adverse at least for a period of ten years prior to the institution of this suit, and if the jury believe that there was no such ouster and notice then they must find for the defendant, Emma C. Beard."

The defendant in error had a right to instructions propounding the law covering her theory of the case, based upon the evidence before the jury. In considering the language of these instructions, it is well to keep in view certain principles applicable. Ouster, in a legal sense, is the wrongful dispossession or exclusion from real property of a party entitled to the possession thereof. The statute of limitation does not begin to run in favor of one co-tenant of land in possession, against another co-tenant thereof, until actual ouster by the former, or some other act or acts on his part amounting to a total denial of the right of the latter, and until notice or knowl-

edge of the act or acts relied on as an ouster is brought home to him. *Boggess* v. *Meredith*, 16 W. Va. 1; *Cooey* v. *Porter*, 22 W. Va. 123; *Frye* v. *Payne*, 82 Va. 759; section 15, chapter 90, Code. The notice or knowledge required must be either actual, or the act or acts relied on as an ouster must be of such an open and notorious character as to be notice of themselves, or reasonably sufficient to put the disseized co-tenant on inquiry which, if diligently pursued, will lead to notice or knowledge in fact. *Cooey* v. *Porter*, *supra*. Knowledge is the equivalent of notice. Thus we see that either actual notice, or notice arising from the open and notorious character of acts, may avail. No. 1, asserts a very old principle of law. It was announced by Chief Justice Marshall in the opinion of the Supreme Court of the United States in *McClung* v. *Ross*, 5 Wheat. 116, and, so far as we are aware, its soundness has never since been questioned. This principle was carried into point 3 of the syllabus of our case of *Justice* v. *Lawson*, 46 W. Va. 163. The essence of this principle is that the silent possession of one co-tenant, without either ouster or notice, is not adverse to the other co-tenant. We cannot say that this instruction was inapplicable to the case, in view of the evidence and of the theory advanced by the defendant, and, being correct in principle, there was no error in giving it. No. 3 was evidently intended to apply to this case the principle stated in No. 1. Instead of using the words "ouster or giving of notice," No. 3 used the words "actual ouster" * * "and a giving of notice." The jury might reasonably conclude from the language of No. 3 that the only notice which could avail the plaintiff would be actual notice given by him of an ouster, and that notice or knowledge arising from the charactor of acts, however open and notorious, could not be considered in determining the rights of the parties. No. 3 was in this respect calculated to mislead the jury, and, in the form offered, should have been refused.

We have not deemed it necessary to discuss the question, when and under what circumstances a presumption of disseizin or ouster of one co-tenant by another, after great lapse of time, is warranted, as no such question was presented by the instructions mentioned. On this subject see, *Purcell* v.

*Wilson*, 4 Grat. 16; *Stonestreet* v. *Doyle*, 75 Va. 379; *Zeller's Lessee* v. *Eckert et al.*, 4 How. (U. S.) 289.

No. 2, for defendant in error in effect instructed the jury that the payment of taxes by one co-tenant does not operate as an ouster of the other co-tenant. The payment of taxes by one co-tenant, on the land owned in common, does not of itself constitute an ouster of the other co-tenant. *Logario et al.* v. *Dozier*, 91 Va. 492. The silent payment of taxes by one co-tenant—that is, payment not under adverse and exclusive claim to the land, and without notice or knowledge of such claim being brought home to the other co-tenant—is perfectly consistent with the co-tenancy. It has been frequently held that a purchase by one co-tenant, at a sale for delinquent taxes, of the land owned in common, enures to the benefit of the other co-tenant. *Cecil* v. *Clark*, 44 W. Va. 569; *Parker* v. *Brast*, 45 W. Va. 399; *Davis* v. *Settte*, 43 W. Va. 17. There was no error in giving this instruction.

No. 4, for defendant in error, is as follows: "The jury is further instructed that if they believe the plaintiff, Preston S. Clark, recognized or admitted any right in Sherman H. Clark, deceased, or his devisees, to the coal underlying the land mentioned in the declaration, within ten years prior to the institution of this suit, then said Preston S. Clark is estopped from now denying said right to said coal." The only recognition or admission claimed in this case was verbal. The proposition announced in this instruction is erroneous, unless it be qualified. If the recognition or admission mentioned in the instruction was made by plaintiff after he had acquired good title to the one-half interest in the coal in controversy, by such ouster and adverse possession, and such notice or knowledge as was necessary for that purpose, then such recognition or admission would be ineffectual to divest the plaintiff of his title and to re-invest it in his former co-tenant or his devisees. Parol disclaimers cannot affect a vested title, in the face of the statute of frauds. *High's Heirs* v. *Pancake*, 42 W. Va. 607; *Wade* v. *McDougal*, 59 W. Va. 113. No. 4 did not, by its terms, purport to limit its effect to a time when plaintiff in error did not have good title. In substance, it directed the jury that the plaintiff in error would be estopped if he made the admission or recognition within ten years before the suit, regardless of whether he then had

good title or not. This instruction, in the language offered, should have been refused.

The third assignment of error is that the court refused to set aside the verdict and award the plaintiff in error a new trial. By the declaration, the plaintiff in error described and claimed certain land absolutely. There was no disclaimer by the defendant in error, but a plea of not guilty, and the general verdict for defendant in error and judgment thereon. The evidence discloses that the only real controversy in the case was in relation to the one-half interest in the coal under the land claimed by the declaration. The plaintiff in error's right and title to the land sued for (other than the one-half interest in the coal) was uncontroverted and unquestioned by the evidence. The plaintiff in error did not locate and identify the land described and claimed in the declaration. This requirement seems to have been tacitly waived by the conduct of the parties in limiting the trial, both by their evidence and instructions, to the controversy in relation to the coal. They seem to have waived all matters of form, and of substance as well, except as to the controversy in relation to the coal. What is the effect of this general verdict for defendant in error and judgment thereon? Are they, if allowed to stand, conclusive between the parties as to all the land for which plaintiff in error sued? Is the verdict sustained by the evidence? The defendant in error should have disclaimed as to all the land for which plaintiff in error sued, except the one-half interest in the coal; but she did not. Under these circumstances, a general verdict for defendant in error and judgment thereon are conclusive between the parties as to the right of possession to all the land sued for, if allowed to stand, unless perhaps the plaintiff in error could in the future show the fact that the controversy in this case was limited to the one-half interest in the coal. The case of *Wilson* v. *Braden*, 48 W. Va. 196, is similar in this respect to this case. There the plaintiff sued for 2,500 acres of land, and the defendant Braden claimed 50 acres and the defendant Deem 250 acres thereof. There was no disclaimer, and no controversy as to the residue of the land. There was a general verdict for defendants. This Court set aside that verdict. In *Low* v. *Settle*, 22 W. Va. 387, the defendant claimed, and the jury found for defendant, a specified

part of the land sued for, and found nothing as to the residue of the land. That verdict also was set aside by this Court. The verdict in the case at bar, for the defendant in error generally, relates to all the land for which the plaintiff in error sued, and in this respect is unwarranted by the evidence, or by any actual claim of the defendant in error in this case. It must be set aside as erroneous. *Wilson* v. *Braden, supra; Low* v. *Settle, supra; McArthur* v. *Porter,* 6 Pet. (U. S.) 205; *Reynolds* v. *Cook,* 83 Va. 817; *Slocum* v. *Compton,* 93 Va. 374.

Where the evidence upon the trial of an action of ejectment shows that the plaintiff is entitled to hold a part, share or interest (less than the whole) of or in the land sued for, and that the defendant is entitled to hold a part, share or interest (less than the whole) of or in the said land, the verdict should specify and describe the part, share or interest which each is entitled to hold. *Wilson* v. *Braden, supra; Callis* v. *Kemp,* 11 Grat. 84; *Gregory* v. *Jackson,* 6 Munf. 25. The statement just made must not be taken as any expression of opinion by this Court that the evidence introduced upon the former trial would justify a verdict in part for plaintiff in error and in part for defendant in error. We express no opinion as to the sufficiency of the evidence to sustain either the plaintiff in error or defendant in error as to the controversy in relation to the one-half interest in the coal.

There has been a mis-trial, and the case must be remanded for another trial. If there shall be no disclaimer, and no waiver of the requirement that the plaintiff in error must locate and show title to the identical land for which he sued, he will not under the law, be relieved from so doing. *Logan* v. *Ward,* 58 W. Va. —; *Wade* v. *McDougal, supra; Pennington* v. *Underwood,* 59 W. Va. 340; *Stockton* v. *Morris,* 39 W. Va. 432.

The judgment complained of is reversed, the verdict set aside, a new trial awarded, and the case remanded to be further proceeded with according to law.

*Reversed.     Remanded.*