# CHARLESTON.

BRADLEY v. SWOPE *et als.*

Submitted September 28, 1915.   Decided November 9, 1915.

1. QUIETING TITLE—*Right of Action—Threatened Cloud on Title.*
    One in possession of land, having good title thereto, may enjoin the consummation of acts, which, if completed, would create a cloud on his title.   (p. 114).

2. ADVERSE POSSESSION—*Possession in Part—Effect.*
    Possession, by enclosure of a portion of a tract, under good paper title to the whole, is possession of the whole, in the absence of adverse possession by another.   (p. 115).

3. BOUNDARIES—*Location of Boundary Line—Construction of Deed— Question of Law.*
    Where the location of boundary lines are not uncertain or indefinite but depend upon the construction of a deed, calling for the lines of an abutting owner as a part of the boundary, the question is one of law for the court to determine.   (p. 115).

Appeal from Circuit Court, Monroe County.

Suit by B. J. Bradley against E. D. Swope, agent, etc., and others.   From a decree for defendants, plaintiff appeals.

*Reversed and rendered.*

*R. L. Clark* and *W. H. Copeland,* for appellant.

*John L. Rowan* and *T. N. Read,* for appellees.

WILLIAMS, JUDGE:

This suit in equity is brought to enjoin defendants, heirs at law of W. L. Swope, deceased, from proceeding to sell a certain parcel of land containing sixty-five acres, alleged to be a part of the farm owned by plaintiff and now in his possession.

The court on full hearing dismissed plaintiff's bill for want of equity, but without prejudice to his right to sue at law, and he has appealed.

The facts essential to an understanding of the controversy, and hence to a knowledge of the principles of law applicable thereto, are as follows:   W. L. Swope died seized of certain

lands, leaving defendants, his children and heirs at law. The land was ·partitioned into three parcels by commissioners, appointed by a decree of the circuit court of Monroe county, made in a suit brought in 1899 by W. L. Swope's administrator against his heirs. It was decreed to be sold, first in parcels and then as a whole, and the sale by which the greater sum was realized was to be adopted. All three of the parcels were sold, as a whole, to the defendant J. M. Swope, a son of W. L. Swope, deceased, and was confirmed to him in 1899. By deed dated November 7, 1907, he conveyed lot No. 3 to plaintiff, describing it by metes and bounds and as containing 153 acres and 144 poles, more or less, after deducting therefrom 18 acres and 57 poles previously conveyed to Bettie S. Hazelwood, and excepted from the conveyance. The metes and bounds, given in the deed, are identical with the metes and bounds of lot No. 3, as shown by the report of the commissioners appointed to make partition. The boundary, on the southeast side of lot No. 3, as contained in plaintiff's deed and also in the commissioner's report is, from a "chestnut to a corner of Long's line and with said line to corner of lot No. 2 on said line." The plat, returned by the commissioners with their report, represents the boundary line on the southeast to be a straight line from the corner called for on Long's line, to the corner of lot No. 2. on said line, whereas Long's line is not, in fact, a straight line, but is a zig zag line, and includes 65 acres more land than is included by the straight line shown on the map. Defendants claim that this 65 acres was not sold in the suit above mentioned and was not conveyed to plaintiff, and they claim it as heirs of W. L. Swope, deceased. At the time this suit was brought they were advertising it in a newspaper for sale at public auction, and hence this suit to prevent a sale and thereby prevent the creation of a cloud on plaintiff's title.

There is no question of the right of an owner of land, who is in possession thereof, to enjoin the commission of acts which will result in creating a cloud on his title. *Land & Mining Co.* v. *Jones,* 65 W. Va. 59; *Whitehouse* v. *Jones,* 60 W. Va. 680; *Moore* v. *McNutt,* 41 W. Va. 695; and *Castle Brook &c. Co.* v. *Ferrell,* 76 W. Va. 300, 85 S. E. 544. There appears to be no

controversy respecting the true location of Long's line.  The Long lines were not run by the surveyor at the time the commissioners partitioned the Swope land.  They did not know whether they were straight or crooked lines.  One of the commissioners gave his deposition in this case, from which it appears that, when they partitioned the lands, they did not have the data by which to run the Long lines, and the surveyor, employed by them, simply protracted a line from the corner called for on Long's line to the corner of lot No. 2 on said line.  But the commissioner says they endeavored to partition the whole of the Swope lands.  It is also agreed between counsel that, if the other two commissioners had been examined, their testimony would have been to the same effect.

The deed to plaintiff describes the land as ''Lot No. 3 of the W. L. Swope 'Home Place' '', and then proceeds to give its boundary lines.  It makes no reference to the report or plat returned by the commissioners, but a comparison of the deed with the report shows the description of the boundary lines in each to be identical.  There is no dispute respecting the true location of the Long lines.  Hence the suit involves only a construction of plaintiff's deed, and not the true location of a disputed boundary line.  If, by a proper construction of his deed, plaintiff is entitled to the land bounded by the Long lines, then he has a right to maintain his bill, for, although it appears the land in controversy is unenclosed, timber land, plaintiff's admitted possession of other portions of his tract extends his possession to its exterior bounds, no adverse possession being shown.  *Curtis* v. *Meadows,* decided at the present term.  There is no necessity for referring the question here involved to a court of law to be determined by a jury.  *Ephriam Creek Coal & Coke Co.* v. *Bragg,* 75 W. Va. 70, 85 S. E. 190.  And contra, if a proper construction of plaintiff's deed does not entitle him to the land in question, he could not recover in an action at law.  His case, in either court, depends solely on the terms of his deed, which a court of equity has as much right to construe as a court of law, in a case properly before it.

The call in plaintiff's deed, ''to corner of Long's line and with said line to corner of lot No. 2 on said line,'' must nec-

essarily extend his boundary to Long's line; it is the only monument called for, designating the southeast boundary of lot No. 3, and it necessarily controls, and establishes plaintiff's title to the land in dispute, and, consequently, his right to maintain this suit.

The case of *Harman* v. *Lambert,* 76 W. Va. 370, 85 S. E. 660, cited and relied on by counsel for appellees, does not apply here. Plaintiff's title is not rendered doubtful because of any uncertainty in the location of boundary lines. The Long lines, if not actually known, are capable of ascertainment, and plaintiff's deed in unmistakable terms, carries him to them. They are the only boundary called for on the southeast of lot No. 3.

The decree made on the 10th of November, 1914, denying plaintiff relief and dismissing his bill, will be reversed and a decree entered here perpetuating the injunction awarded by the judge of the circuit court of Monroe county, in vacation, on the 27th of June, 1913.

*Reversed and rendered.*