# CHARLESTON.

. DAVIS COLLIERY CO. v. WESTFALL *et al.*

Submitted September 26, 1916.    Decided October 3, 1916.

1. EJECTMENT—*Right of Action—Title of Plaintiff—Location of Land.*

   To entitle a plaintiff in ejectment to recover, it is essential not only that he prove good title, but also that he locate his land and show that the boundaries thereof include the land in controversy. (p. 730).

2. EVIDENCE—*Judicial Sales—Record—Admissibility.*

   A party claiming land under a judicial sale and special commissioner's deed may introduce the record in such proceeding, both as evidence of title, and also for the purpose of identifying the land sold and conveyed. (p. 738).

3. DEEDS—*Requisites—Description of Property—Definiteness.*

   A conveyance, otherwise good, describing the land as ''one tract of seven hundred acres, * * * * * being a part of a tract of one thousand acres,'' which last named tract is likewise described by general location and reputed acreage, is not void for indefinite description, the purpose being to convey, as a distinct parcel, the remnant of the larger tract, regardless of its actual acreage. In such case the acreage is merely descriptive of the tract intended to be conveyed, and does not limit the quantity of land which the tract actually contains. · (p. 738).

4. BOUNDARIES—*Description of Property—Definiteness.·*

   The metes and bounds of a tract, thus identified and made certain, may be ascertained by reference to the boundaries of adjacent lands. (p. 738).

5. TRIAL—*Question of Law or Fact.*

   Where the right of a party to recover, in ejectment, depends solely upon the construction of his deed, in the light of the undisputed facts, the question is one of law for the court, and not one of fact for the jury. (p. 738).

6. JUDGMENT—*Conclusiveness—Judgments Conclusive.*

To constitute an estoppel by decree of court, the decree must have been rendered upon the merits of the controversy, in a cause of which the court had jurisdiction. (p. 740).

7. SAME—*Conclusiveness—Judgment on Demurrer.*

A decree dismissing a bill upon demurrer for defective pleadings, after failure to amend, is not res judicata. (p. 740).

8. SAME—*Partition—Sufficiency of Bill—Res Judicata.*

A bill for partition of land, which fails to allege that plaintiff and defendant are cotenants or, in some way, show that they are jointly interested in the land, is properly dismissed on demurrer; and such dismissal is not an estoppel upon the plaintiff in such suit, or his privies in estate, in an action of ejectment to recover the land. (p. 740).

Error to Circuit Court, Randolph County.

Action by the Davis Colliery Company against W. E. and I. B. Westfall. Judgment for defendants, and plaintiff brings error.

*Reversed, verdict set aside and case remanded.*

*E. A. Bowers,* for plaintiff in error.

*Leroy See* and *H. G. Kump,* for defendant in error.

WILLIAMS, PRESIDENT:

This writ of error was awarded Davis Colliery Company, a corporation, plaintiff, to a judgment of the circuit court of Randolph county in favor of the defendants, W. E. and I. B. Westfall, rendered upon the verdict of a jury, in an action of ejectment, finding defendants entitled, in fee simple, to 295 acres of land, a part of the land claimed by plaintiff. Defendants offered no evidence and relied upon the insufficiency of plaintiff's evidence to identify the land claimed by it.

It is proven, and was also admitted by opposing counsel, in his oral argument, that the contending parties claim title to the 295 acres from Alfred Hutton as a common source, plaintiff claiming, mediately, under a special commissioner's deed, made in 1897, pursuant to decrees pronounced in certain creditors' suits brought against Alfred Hutton, in his lifetime, for the enforcement of liens against his real estate,

all of which suits were consolidated and heard together, and defendants claiming under a deed direct from Alfred Hutton's heirs. But, regardless of their own title, defendants insist the judgment should be affirmed, because, they say, plaintiff has failed to prove that its title covers the land in dispute; or in other words, has failed to identify its land. The question is purely one of location and identity. A plaintiff in ejectment can recover only on the strength of his own title, and he must also identify his land and prove that its boundaries include the land which he seeks to recover.

The record of the proceedings in the above-mentioned creditors' suits was admitted as evidence, and the proceedings therein show that they were referred to a commissioner to ascertain and report the lands owned by said Hutton and the liens thereon. The commissioner reported as follows: ''that he has ascertained from the evidence of Alfred Hutton taken by him, your commissioner, on the 9th day of December 1891 that the said Alfred Hutton is the owner of the following real estate, to-wit: 700 acres in the District of Middle Fork in said county of Randolph, on the waters of the Middle Fork River near the town of West Huttonsville, being a part of a 1000 acre tract bequeathed to the said Alfred Hutton by his father.'' He also reported him to be the owner of other tracts, likewise described by acreage and location, but with which we are not now concerned, a portion of the land, described as 700 acres, being all that is here involved.

It appears that, in those suits, all the lands then owned by said Alfred Hutton were sold, and were not sufficient to pay all the liens thereon, and that other lands, which had been previously aliened by him and which were liable in the hands of the purchasers, were also sold. The lands of his alienees could not have been sold, if he had had any land remaining. After modifying the commissioner's report in some respects, immaterial to the matter under consideration, the court confirmed it, and decreed Alfred Hutton's lands to be sold, and, in the decree of sale, described the tract in question as follows: ''One tract of seven hundred acres in the district of Middle Fork in this County on the waters of the Middle Fork River near the town of West Huttonsville, being a part

of a tract of one thousand acres devised to the said Alfred Hutton by his father, Moses Hutton.'' It was sold to O. C. Womelsdorf, the sale confirmed and special commissioners E. D. Talbott, Jared L. Wamsley and Leland Kittle were appointed to make him a deed, which they did on the 30th day of January, 1897, not by metes and bounds, but by the same description given in the above-mentioned decree. Plaintiff's chain of title under the foregoing commissioner's deed, is admitted to be regular, but none of the deeds purport to give metes and bounds of the land, but only the general description contained in the decree of sale and the commissioner's deed. Plaintiff does, however, in its declaration, describe the land by metes and bounds and as containing 1000 acres. The surveyor's report, made pursuant to order of court in this cause, shows it to contain 996 acres.

After his death, the heirs of Alfred Hutton, conceiving that only 700 acres, part of a larger tract then owned by him, had been sold, conveyed to defendants 295 acres, by metes and bounds, out of the 996 acres. So that, the question presented is one of description, or identity of plaintiff's land; its title is not disputed. Defendants insist that the description in plaintiff's title papers does not embrace the 295 acres which they claim under a deed from Alfred Hutton's heirs. That is certain which is capable of being made certain, is a familiar legal maxim. And recognizing the burden of identifying its land and proving that its boundaries included the land claimed by defendants, before it could recover, plaintiff put in evidence the proceedings in the aforesaid suits, which was not only proper, but also necessary in order to prove its title. Defendants insist that those proceedings show that only 700 acres, not defined by metes and bounds or otherwise identified, were sold out of the larger tract of 1000 acres, whereas plaintiff insists that the remnant, which Alfred Hutton then owned, of a larger tract described as containing 1000 acres, was sold, and was a distinct tract and simply described as containing 700 acres, and that it is immaterial whether it contained more or less than that number of acres. As we have already indicated, we think it clearly appears that it was the purpose, in those suits, to sell all the land Alfred Hutton then owned.

Everybody then connected with the creditors' suits, including Alfred Hutton himself, must have thought this was accomplished; otherwise the lands, which he had previously sold and conveyed, would not have been sold. So that, so far as the question of intention has any bearing on the case, it is in favor of plaintiff's contention. The description of the land, found in the commissioner's report, the decree of court and the deed to Womelsdorf, was not only intended to include all of the remaining part then owned by said Hutton of a tract of land, previously owned by him and described as containing 1000 acres, but does in fact include such remnant. It was a tract, already ascertained or clearly ascertainable from written evidence, which was sold, and not 700 acres to be thereafter carved out of a larger boundary. Note the language of the decree above-quoted: "One tract of seven hundred acres * * * * *, being a part of a tract of one thousand acres." The qualifying phrase, "being a part" etc., was not intended to convey the idea that Alfred Hutton then owned the one thousand acre tract, of which the 700 acre tract was a part, and that the 700 acres was to be surveyed out of it. Such construction would be inconsistent with the then known facts, which are not denied, and inconsistent with the sale subsequently made of lands previously conveyed by said Hutton to third parties. The phrase is simply an additional description of that part of the original 1000 acre tract which remained after deducting therefrom certain smaller tracts which Alfred Hutton had conveyed to others before the decree of sale was made. The commissioner had reported, upon the testimony of Alfred Hutton himself, and the court so found and by its decree, in effect, says that this was all of the 1000 acre tract Hutton then owned. The number of acres is only descriptive of the tract, and the fact that it is now found to contain nearly 1000 acres, instead of 700, as was then supposed, does not affect the question. The sale was evidently in gross, and not by the acre, and a complete description of it by boundaries is ascertainable by record evidence as follows. The metes and bounds of the original tract, called a 100 acre tract, are ascertainable from said Alfred Hutton's title papers, which are a part of this record. It is ascertained by the survey, made in

this cause, that it contained over 1400 acres instead of 1000 acres. Prior to the judicial sale to Womelsdorf, Alfred Hutton had conveyed to various persons small tracts, aggregating about 400 acres, out of the 1000 acre tract, and the balance of the tract was supposed to be 700 acres, but was thereafter found to contain 996 acres. But, the sale being in gross of a particular tract, the excess of acreage does not affect plaintiff's title to the whole. The smaller tracts, previously conveyed, border on the exterior boundaries of the original 1000 acre tract, and by following the interior lines of these tracts and the exterior boundaries of the larger tract, where applicable, a complete description, by definite metes and bounds, of the tract which was sold, under the description of a 700 acre tract, is obtained. And from this record evidence it appears that the 295 acres, claimed by defendants, lie within those boundaries. The facts from which we reach this conclusion are undisputed. The question is, therefore, one of law for the court, and not one of fact for the jury; it is simply a matter of construing the deed under which plaintiff claims. ''When a question arises, what passes by a written instrument, it is proper for the court to decide it.'' *Herbert et ux.* v. *Wise,* 3 Call 240. *Snooks* v. *Wingfield,* 52 W. Va. 441; *Ephriam Creek Coal & Coke Co.* v. *Bragg,* 75 W. Va. 70; and *Bradley* v. *Swope,* 77 W. Va. 113, 87 S. E. 86. Counsel for defendants admit that, if plaintiff's title papers cover all the residue of the tract called 1000 acres, owned by Alfred Hutton at the time of the judicial sale, the judgment in this case should be reversed. Having found that plaintiff's title does include such residue, and necessarily the land claimed by defendants, it follows that the trial court should have given plaintiff's peremptory instruction. Plaintiff's right to a judgment depending only upon the proper construction and interpretation of its title papers, there was nothing to be submitted to the jury.

After the death of Alfred Hutton, his heirs brought a partition suit against this plaintiff, which was dismissed. Plaintiff offered the record of that proceeding in evidence, which the court rejected, upon objection of defendants, and this is assigned as error. A demurrer to the bill in that case was

sustained and leave given the plaintiffs to amend, and, on their motion, the cause was remanded to rules. That was on June 23, 1908. No amendment appears to have been made, and on March 3, 1909, the suit was dismissed, "for reasons appearing to the Court," as shown by its order. Plaintiff insists that defendants are estopped, by that decree of dismissal, to claim title to the same land. Defendants here are privies in estate to the heirs of Alfred Hutton, who brought that suit, and if the Hutton heirs are estopped by the decree of dismissal in that suit they are likewise estopped from claiming under the same title, for it is a well settled principle that privies, as well as the parties to any litigation, are bound by the judgment of the court. But before a judgment can operate as an estoppel, it is essential that it be an adjudication upon the merits of the cause; and although the dismissal of a bill upon demurrer may be an adjudication upon the merits, it is not necessarily so. If the matters in litigation are well pleaded, and within the jurisdiction of the court, a decree of dismissal would constitute an adjudication on the merits. But it is well settled that it would not be an adjudication upon the merits, if the court had no jurisdiction of the cause, or if the bill were dismissed for defective pleading. The bill in that cause is faulty, it did not present a proper case calling for a partition of the land in question. It did not allege that plaintiffs and the defendant were cotenants of the land; it alleges that plaintiffs were the owners of 303 acres and the defendant the owner of 700 acres, and prays that the true location and quantity of their land may be ascertained and laid off to them. Hence the bill did not present a proper case for partition, and must have been dismissed for insufficient pleadings, and the dismissal was not an adjudication upon the merits, and consequently does not estop plaintiffs, or their grantees, from asserting title to the land. *Corrothers* v. *Sargent,* 20 W. Va. 351; *Poole* v. *Dilworth,* 26 W. Va. 583; *Bodkin* v. *Arnold,* 45 W. Va. 90; *Layne* v. *Harrison,* 6 Munf. 573; and 23 Cyc. 1152.

The judgment will be reversed, the verdict set aside and the case remanded.

*Reversed, verdict set aside and case remanded.*