T. C. BANKS, *et al.*

*v.*

LEWIS UNDERWOOD, *et al.*

(No. 13175)

AND

T. C. BANKS, *et al.*

*v.*

LEWIS UNDERWOOD, *et al.*, ERNEST LEON HAGER, *et al.*

(No. 13176)

Submitted May 16, 1972.          Decided July 25, 1972.

Rehearing Denied September 22, 1972.

*John G. Anderson,* for appellants Underwood.

*V. K. Knapp,* for appellants Hager.

*Sam R. Harshbarger,* for appellees.

CARRIGAN, JUDGE:

Plaintiffs T. C. Banks and Cordelia Banks, his wife, hereinafter referred to as Banks, filed a complaint, styled "In ejectment," against Lewis Underwood and Louise Underwood, his wife, and Ernest Leon Hager and Virginia Ruth Hager, his wife, defendants, in which they allege title to a tract of land located in Curry District, Putnam County, by virtue of a deed dated February 6, 1945, from defendants Lewis Underwood and Louise Underwood, his wife, hereinafter referred to as Underwoods, appearing on a plat attached to said complaint made by B. R. McMakin, a registered professional engineer, showing a tract apparently containing 6½ acres, more or less, north of Benedict Road, whereas Banks' deed called for 2½ acres,

more or less. Banks allege that they took possession of the entire tract appearing on the McMakin map.

The complaint further alleges that in 1968 Underwoods went upon the four-acre tract, not described in Banks' deed, and committed waste thereon and refused to vacate the premises though requested by Banks to do so. Furthermore, that by deed of June 3, 1968, Underwoods conveyed to defendants Ernest Leon Hager and Virginia Ruth Hager, hereinafter referred to as Hagers, the four acres north of Benedict Road claimed by Banks. Whereupon Banks gave notice to Hagers of their claimed previous title to the four-acre tract and brought this action praying that a decree be entered designating them as legal owners of the entire tract of 6½ acres described on the McMakin map; for damages in the amount of $5,150.00 due to waste occasioned by the actions of the defendants upon the land in issue, and for an order ejecting Hagers from the land.

Underwoods by answer admit they purchased from First Huntington National Bank certain real estate including the tract of 2½ acres but allege they have no knowledge as to the exact acreage in the tract lying north of Benedict Road. They admit the deed to Banks of February 6, 1945, by which they conveyed 2½ acres; however, they deny that they intended to convey *all* the property they owned north of Benedict Road, but to the contrary, they assert they have been in possession of all land in excess of the 2½ acres conveyed by the aforesaid deed and that Banks have acknowledged possession on the part of Underwoods of the four-acre tract. For affirmative relief Underwoods counterclaim against Banks alleging that inasmuch as Banks claim all the land north of Benedict Road whereas their deed calls for 2½ acres, that there was no meeting of the minds of the parties, that there was a mutual mistake and therefore pray that the deed of February 6, 1945, be declared null and void and that Underwoods be permitted to return to Banks the purchase payment of $150.00.

Hagers by answer allege they were not involved in the transactions between Underwoods and Banks, and neither admit nor deny the allegations of the complaint but call for strict proof thereof.

An amended answer was thereafter filed on behalf of Hagers whereby they deny all allegations in the complaint, and further deny that Banks are the owners of the tract of land, containing 4 acres, more or less, conveyed to Hagers by Underwoods by deed dated June 3, 1968. Hagers further "counterclaim" against Underwoods and pray that in the event of a decree in favor of Banks that they be awarded a refund of $1090.00 theretofore paid upon a promissory note payable to Underwoods in the principal amount of $2,500.00 given in payment of the purchase price for the four-acre tract, together with interest on the sum so paid, as well as damages in the amount of $2,500.00 for work and materials spent upon improving the property in question.

The evidence in this case is contradictory and confusing. Various deeds and maps or plats were apparently introduced into evidence and these were extensively referred to in the testimony. However, there is almost a complete failure to identify these exhibits in connection with the witnesses' testimony. A part of the confusion arises from the evidence as to the Underwoods' title to the old Shaw farm or to the Industrial Addition tracts, which only have a bearing on this action as it concerns the description in the deed from Underwoods to Banks. For the purpose of this litigation, it is not necessary to recite the possible defects in the title of the Underwoods to either the old Shaw property or Tracts One, Two and Three of the Industrial Addition.

By the deed, dated June 22, 1942, and admitted to record in the office of the Clerk of the County Court of Putnam County on June 23, 1942, The First Huntington National Bank, a corporation, conveyed to Lewis Underwood and Louise Underwood, his wife, the following described real estate:

"All those three certain tracts or parcels of land situate in Curry District, Putnam County, West Virginia, and known and designated on that certain map styled 'MAP OF INDUSTRIAL ADDITION,' which map is filed in the office of the Clerk of the County Court of Putnam County, West Virginia, as Tract Number One (1) containing twenty acres, more or less; Tract Number Two (2) containing nineteen acres, more or less, and Tract Number Three (3), containing two and one-half acres, more or less . . . ."

Following this conveyance, the Underwoods moved onto what is referred to as the old Shaw farm. It appears uncontroverted, however, that this old Shaw farm was not the property described in the deed of June 22, 1942, from First Huntington National Bank to the Underwoods, but was adjacent thereto. Apparently these adjacent tracts are almost identical except that the part of the old Shaw farm north or northwest of the county road, known as Benedict Road, contains approximately six acres, rather than 2½ acres designated Tract No. Three appearing on the map of Industrial Addition as being north of Benedict Road. The evidence shows that not until 1958, at the time of the construction of I-64 by the State, did Underwoods become aware that they were living on property not called for by their deed; furthermore, that there existed north of Benedict Road on the Shaw farm a four-acre tract, which Underwoods by course and distances conveyed thereafter to Hagers, over and above a 2½ acre tract purported to be conveyed to Banks and described by reference to the Industrial Addition map. Underwood admits that he did not know the source of his title to these four acres. Apparently it is the four acres contained in this six acres north or northwest of Benedict Road of the Shaw farm that is involved in this litigation.

By deed dated February 6, 1945, the defendants, Lewis Underwood and Louise Underwood, his wife, conveyed to T. C. Banks, plaintiff in this proceeding, for the

consideration of $150.00, the following described real estate:

> "Beginning at a point where the southerly exterior line of the property of the first parties intersects the northern edge of a county road as shown on the map of Industrial Edition [sic], made by Oliver & Maupin, Engineers, dated 1922, filed and recorded in the Office of the Clerk of the County Court of Putnam County, West Virginia. Thence, with said exterior line north 34° 14′ west to the south westerly corner of the first parties' tract of land; thence, in a northerly direction to another exterior point in the first parties' line, as shown on said map; thence, from said point in a north easterly direction with the exterior line of said first parties' tract of land to a point where said line intersects the north western side of said county road; thence, in a southerly direction with the western edge of said county road to the place of beginning, and being that part of tract No. 3, shown on said map of Industrial Edition [sic], as containing two and one-half acres, which lies on the western side of the county road, shown on the same map, and also being a part of the same land conveyed to the parties of the first part by the First Huntington National Bank, a corporation, by deed dated the 22nd day of June, 1942, of record in the Office of the Clerk of the County Court of Putnam County, West Virginia, in Deed Book No. 76 at page 443."

There is no evidence that Banks maintained a residence upon these premises or conducted any activity thereon.

By deed of June 3, 1968, the defendants, Lewis Underwood and Louise Underwood, his wife, conveyed the following described real estate to the defendants, Ernest Leon Hager and Virginia Ruth Hager, his wife:

> "BEGINNING at an iron pin corner to lots 3 and 4 of the Shaw property, also a corner to Ramey; thence S. 32½ E. 280 feet to an iron pin set in the northerly boundary of Benedict Road, thence with the boundary of said road in a south westerly direction, 300 feet a corner to land of Banks; thence with the Banks line, N. 76½

W. 500 feet to an iron pin in the original outline, corner to Banks, thence leaving the Banks corner and with the original outline N. 41½ E. 651 feet to the place of beginning, containing 4 acres, more or less, and being all of the remaining portion of tract no. 2 [sic] conveyed to first parties by the First Huntington National Bank, a corporation, by deed dated June 22, 1942, and of record in the office of the Clerk of the County Court of Putnam County, Weat [sic] Virginia in deed book 76 at page 443."

The Hagers thereafter went upon the 4 acres in controversy in this litigation and proceeded to clear and grade the land and to begin construction of a dwelling thereon. It was following this action that Banks gave notice to Hagers to vacate the 4 acres in issue. Thereafter Banks had a professional engineer named B. R. McMakin prepare a map of all property on the north side of Benedict Road, as determined by lines of adjacent-known properties, without reference to the description in either the deed to Underwoods from the First Huntington National Bank or that of Underwoods to either Banks or Hagers.

Banks then instituted this civil action against Underwoods and Hagers who answered as hereinbefore recited. Upon the issues joined, hearing was held, without a jury, before the Circuit Court of Putnam County. On September 16, 1970, the Circuit Court issued a memorandum of opinion stating:

\* \* \*

". . . From the evidence it is clear Banks intended to purchase *all* the land owned by Underwood on the north side of the road, and it is just as apparent that the Underwoods believed at the time of the discussions and of the conveyance that they the Underwoods owned no property north of the road other than that which they conveyed to Banks. . . . .

"There is no conflict in the evidence that the discussions were had and the sale consummated by parcel and tract and without regard to the amount of acreage as to all the land north of Benedict

Road owned by Underwoods at the time. It is admitted that the plaintiffs did not assert any actual physical control over any of the tract down over the years but having purchased the tract it was not necessary for Banks to go upon the land physically to claim ownership. Further the evidence clearly preponderates in favor of Banks on the claim of Underwood of any assertion of ownership and use of the land in dispute from the date of the conveyance to Banks until sometime in 1968."

In accordance with the aforesaid opinion of the court a final decree was entered on October 14, 1970, adjudging among other things that T. C. Banks owned all the property north of Benedict Road here in dispute, as delineated on the McMakin map, and that Underwoods should make Banks a deed for same; that the Hagers took no property by their deed from Underwoods nor were they entitled to recover from Banks for their improvements made on said property; further that Hagers were entitled to money damages as against Underwoods to the extent of $2,500.00 and purchase monies paid to Underwoods in the amount of $1,090.00. Separate appeals were thereafter granted to Underwoods and Hagers from the final decree entered in that action, however, by agreement of counsel, the cases were argued together and treated as one by this Court.

Banks apparently contends that he intended to purchase all land owned by Underwoods north of Benedict Road and since his deed only granted 2½ acres, when in fact there were 6 acres, the deed was ambiguous, vague and indefinite and oral testimony could be introduced to show what property was covered by his deed. The trial court agreed with this as shown by the heretofore quoted part of the court's opinion.

If there is one thing clearly and certainly expressed on the face of the deed from Underwoods to Banks it is that there was conveyed to Banks "that part of tract No. 3, shown on said map of Industrial Edition [sic], as containing two and one-half acres, which lies on the

western side of the county road, shown on the same map" and being part of the land conveyed to Underwoods by First Huntington National Bank.

The 2½ acre tract of land in the Industrial Addition can be identified from this description, but no language therein pertains to the old Shaw farm. Thus an actual survey would have located Banks' property in the Industrial Addition rather than on the old Shaw farm. Having access to means of identification of his property, Banks is chargeable with knowledge of that location.

Apparently in 1945 when Underwoods conveyed to Banks what is described as "that part of tract No. 3," neither party knew that Underwoods were on the wrong property, or knew that there was more than the 2½ acres of the Shaw farm north of Benedict Road, then attempted to be conveyed. It is certainly clear from the description in this deed that Banks did not acquire a deed for any part of the Shaw farm actually occupied by Underwoods, for Underwoods' deed to Banks did not refer to the Shaw property, but referred to the Industrial Addition and the recorded plat thereof.

Since Banks, by their complaint, proceeded upon the theory that this was an action in the nature of the former action of ejectment, they should be required to abide by the substantive law dealing with ejectment. Banks style this as "In ejectment" and apparently all parties regarded this action as being in the nature of ejectment. While our Rules of Civil Procedure now apply to the matter of pleadings formerly used in ejectment the substantive law of ejectment is still applicable.

Since both Banks and Hagers assert title from Underwoods, a common source, Banks are not required to prove their title beyond Underwoods. *Toppins v. Oshel,* 141 W.Va. 152, 89 S.E.2d 359 (1955) and *Blain v. Woods,* 145 W.Va. 297, 115 S.E.2d 88 (1960).

Banks certainly could not and did not establish that their deed from Underwoods conveyed any part of the

old Shaw farm on which Underwoods were living, nor could Banks establish that their deed included the four acres subsequently conveyed by Underwoods to Hagers. Banks could not dispossess Hagers on the weakness of Hagers' title from Underwoods but must prevail on the strength of their own title. Any sustained attack upon the title of Underwoods will ipso facto defeat Banks' title. In this State in order for a plaintiff to recover in ejectment he must prevail upon the strength of his title and not upon the weakness of defendant's title. *Pennington v. Underwood,* 59 W.Va. 340, 53 S.E. 465 (1906); *Taylor v. Russell,* 65 W.Va. 632, 64 S.E. 923 (1909) and *West Virginia Pulp & Paper Company v. J. Natwick & Co.,* 123 W.Va. 753, 21 S.E.2d 368 (1941).

In ejectment a plaintiff must also locate his land and show that the boundaries thereof include the land in controversy. *Davis Colliery Company v. Westfall,* 78 W.Va. 735, 90 S.E. 328 (1916); *Yonker v. Grimm,* 101 W.Va. 711, 133 S.E. 695 (1926) and *West Virginia Pulp & Paper Company v. J. Natwick & Co.,* 123 W.Va. 753, 21 S.E.2d 368 (1941). The plaintiff must establish title to the identical land he seeks to recover and defendant's possession will be deemed to be lawful until the contrary appears. *Pennington v. Underwood,* 59 W.Va. 340, 53 S.E. 465 (1906).

From an examination of the testimony and exhibits in this action, this Court is of the opinion that Banks have failed to establish by a preponderance of the evidence their right and title to the four acres conveyed by Underwoods to Hagers.

In view of the finding that Banks have not established their claim to the Hagers' four-acre tract, Hagers have not been ejected from this tract and therefore are not entitled to recover any damages from Underwoods. It thus becomes unnecessary to pass upon the correctness of the award of damages to Hagers on their "counterclaim" against Underwoods since Hagers would suffer no damages.

Since Underwoods contend that at the date of their conveyance to Banks they believed they owned only 2½ acres northwest of Benedict Road as laid out on the map of the Industrial Addition and that this was all they conveyed to Banks, and since the deed refers only to this tract, Underwoods cannot prevail on their counterclaim against Banks some twenty-three years after the deed was made and delivered by asserting there was no meeting of the minds and that there was a mutual mistake at the time of the sale. *Yonker v. Grimm,* 101 W.Va. 711, 133 S.E. 695 (1926) and *Gillespie v. Davis,* 116 Va. 630, 82 S.E. 705 (1914).

For the reasons hereinbefore set forth, the judgment of the Circuit Court of Putnam County is reversed and the case remanded to that court with directions that an order be entered in accordance with this opinion.

*Reversed and remanded with directions.*